IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK JONATHAN VARGO,                )
                                    )        Civil Action No. 2:26-CV-792
        Plaintiff,                  )
                                    )
                                    )        District Judge Robert J. Colville
        v.                          )        Magistrate Judge Maureen P. Kelly
                                    )
PEOPLES GAS CO.,                    )        Re: ECF No. 3
                                    )
        Defendant.                  )

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) as frivolous, malicious, and/or for failure to state a claim upon which relief may be granted.

Dismissal should be with prejudice to refiling in this Court, but without prejudice to Plaintiff refiling his state law claims in state court, if appropriate.

**II.   REPORT**

**A.    Relevant Factual Background and Procedural History**

Plaintiff Mark Jonathan Vargo ("Plaintiff") is an individual who has filed several recent civil lawsuits in this Court. See Nos. 24-cv-519; 25-cv-1210; and 25-cv-1993.

Plaintiff filed the instant cause of action on May 8, 2026, by submitting a Motion for Leave to Proceed *in Forma Pauperis* ("IFP"). ECF No. 1. This Motion was granted on May 11, 2026. ECF No. 2. The Complaint was formally filed on the same day. ECF No. 3.

The Complaint is not particularly clear, and lacks much detail. As best the undersigned can tell, Plaintiff alleges that unnamed employees of People's Gas Co. – the sole Defendant named

1

in the Complaint – allegedly turned off his gas service, stole some of his money, and damaged some of his household appliances. Id. at 3-4.

**B.      Standard of Review**

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

The United States Court of Appeals for the Third Circuit has held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a Section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). "'Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

That said, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). A court further need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

**C.      Legal Analysis**

In order for a claim to be cognizable under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. First, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendants' conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).

**1.      Plaintiff has not plausibly alleged that Defendant is a state actor.**

Here, Plaintiff has not plausibly alleged that Peoples Gas Co. is a state actor. Indeed, the undersigned notes that Defendant's own website indicates that it is owned by Essential Utilities Inc., which is a publicly traded company. See, e.g. "Essential Completes Transformational $4.275 Billion Acquisition of Peoples," (available at https://www.peoples-gas.com/news/essential-completes-transformational-4275-billion-acquisition-peoples (last visited May 20, 2026)). Thus, the public record does not support the conclusion that Defendant is an arm of the state.

To the extent that Plaintiff asserts that Defendant is a state entity because it is regulated by the "Public Utilities Commission," ECF No. 3 at 3, it is well-established that even extensive state regulation is insufficient to elevate the acts of private utility companies – such as terminating utility services – into actions taken by the state. Rhett v. Evans, 576 F. App'x 85, 87 (3d Cir. 2014)

(citing <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 357 (1974)). Accordingly, there is nothing in the complaint or the public record to support the conclusion that Defendant is a state actor.

But a private entity still can engage in state action. To support such a conclusion, Plaintiff must allege facts that, if true, would indicate that "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." <u>Kach v. Hose</u>, 589 F.3d 626, 646 (3d Cir. 2009) (quoting <u>Leshko v. Servis</u>, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted)). Determining this requires consideration of "three broad tests generated by Supreme Court jurisprudence to determine whether state action exists." <u>Id.</u> They are as follows: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." <u>Id.</u> (quoting <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1142 (3d Cir. 1995)). Each test is "fact-specific." <u>Id.</u> <u>See also</u> <u>Atkins v. Borough of Phoenixville</u>, 336 F. Supp. 3d 511, 518-19 (E.D. Pa. 2018).

Here, the Complaint does not establish state action under any of those tests. To the contrary, the actions alleged in the Complaint – Defendant's employees cutting off gas service, stealing some of Plaintiff's money, and damaging his appliances – appear on their face to be those of private actors without any state involvement. Thus, Plaintiff's federal claims against Defendant should be dismissed. Additionally, in light of the foregoing analysis, including the public record, any attempt to amend would be futile, and dismissal should be with prejudice. <u>Fletcher-Harlee</u>, 482 F.3d at 251.

### 2.    State law claims

Presuming that Plaintiff also attempts to raise state law claims against Defendant, he has not alleged facts that support the conclusion that complete diversity between the parties exists. See ECF No. 3-1 at 1 (naming "People Gas Co. Northside of PGH" as the sole Defendant.). See also 28 U.S.C. § 1332(a). As such, there is no independent basis for subject matter jurisdiction over such claims, and this Court's jurisdiction over the same would have to be based on supplemental jurisdiction.[1] 28 U.S.C. § 1367(a).

A district court may decline to extend supplemental jurisdiction over a state law claim where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Whether supplemental jurisdiction will be extended under these circumstances is discretionary. Kach, 589 F.3d at 650.

Ordinarily, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). If a district court decides not to exercise supplemental jurisdiction, it should dismiss the state law claims without prejudice. Kach, 589 F.3d at 650.

The interests of judicial economy, convenience, fairness, and comity would not be served by extending supplemental jurisdiction over Plaintiff's state law claims if he is unable to state a federal law claim. Therefore, they should be dismissed without prejudice to refiling in state court, if appropriate.

---

[1] A court has an independent obligation to review its own subject matter jurisdiction. Heaven v. Prime Hydration LLC, 761 F. Supp. 3d 812, 817 (E.D. Pa. 2025).

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) as frivolous, malicious, and/or for failure to state a claim upon which relief may be granted.  Dismissal should be with prejudice to refiling in this Court, but without prejudice to Plaintiff refiling his state law claims in state court, if appropriate.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

RESPECTFULLY SUBMITTED,

Date: May 20, 2026

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Robert J. Colville
        United States District Judge

        Mark Jonathan Vargo
        427 Patton Street
        Wilmerding, PA 15148

7